606

United States, no interest or civil penalty shall be assessed upon, collected from, or paid by or on behalf of, the taxpayer; nor shall any interest be credited or paid to the taxpayer in respect of any credit or refund allowed or made in respect of such tax.'"

 The Circuit Court of Appeals for the Fourth Circuit decided the identical questions now insisted upon by plaintiff, with the one exception that the plaintiff in Chemische Fabrik Von Heyden, Aktiengesellschaft et al. v. Tait, 64 F.(2d) 295, 296, certiorari denied, 290 U. S. 648, 54 S. Ct. 65, 78 L. Ed. 562, was admittedly an alien enemy. The language of the opinion is apropos and we quote the following excerpt therefrom:

"The contention of the appellant is that the case is primarily a tax case and that the deduction was improperly made because the German corporation was not the owner of any property or the recipient of any income in the United Sates in the year 1919, and that therefore no income tax could be lawfully assessed against it. It is said that the statutes which authorized the Alien Property Custodian to pay all taxes lawfully assessed against the property held by him have no application to such a case because the title to the property had become vested in the United States and was not subject to lawful assessment; and that the Settlement of War Claims Act, in so far as it directs that the gain from a sale of the property shall be subject to income tax, is unconstitutional because the Sixteenth Amendment merely gave Congress power to levy and collect taxes on incomes, and no income was received by the appellant in the United States in the year of the sale.

"This argument loses sight of the broad power of the government to seize and appropriate enemy properties without any compensation to the owners. United States v. Chemical Foundation, 272 U. S. 1, 47 S. Ct. 1, 71 L. Ed. 131. Congress had the undoubted right to confiscate such property completely or to impose any condition less onerous as it saw fit; and so it was well within the scope of its authority when it measured the deduction by the size of the burden which it placed upon the property of its own citizens in the form of taxation. Even if we assume that the German corporation had lost all title to the property and had no income therefrom in the year 1919, in the sense in which the term is used in the income tax law, still the deduction made by the Alien Property Custodian was lawful, for it carried into effect the obvious purpose of the statutes which Congress had the power to enact."

 There are many other cases cited in the briefs of counsel. To refer to and discuss them would, we think, serve no useful purpose. Congress is not obliged to grant deductions from gross to ascertain net income, and we think it is long since settled that a law applicable alike to all persons in the same class and circumstances is not to be regarded as arbitrary and capricious. Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 51 S. Ct. 418, 75 L. Ed. 1049.

The petition will be dismissed. It is so ordered.

**In re LANG.**
**No. 27316.**

District Court, E. D. New York.
Jan. 2, 1935.

Sarah Stephenson, of Brooklyn, N. Y., for Zenaid C. During Cox.

Charles G. Luloff, of St. George, S. I., N. Y., for Zalme Luloff.

CAMPBELL, District Judge.

This is a motion brought on by an order to show cause why an order should not be made vacating and setting aside the order of December 21, 1934, staying the sheriff of the county of Richmond from executing a writ dispossessing said Elizabeth Lang from the premises 3295 Amboy Road, Oakwood Heights, Staten Island, and why the petition of Elizabeth Lang should not be dismissed, or in the alternative why the name of Zenaid C. During Cox should not be stricken out of the petition as a creditor, and why the property at 3295 Amboy Road, Oakwood Heights, Staten Island, should not be stricken out of the list of assets of the said debtor.

On December 20, 1934, the said debtor, Elizabeth Lang, filed in the office of the clerk of this court a petition under section 74 of the Bankruptcy Act, as amended by Act June 7, 1934, § 2 (11 USCA § 202), in which she alleged that the names and addresses of her creditors were Mrs. Zenaid C. During Cox, 30 Llewellyn Place, West Brighton, S. I., Mrs. Eleanor A. Garbe, 15 Park Row, N. Y., and Mr. Edmund Schaefer, 537 Bay Street, Stapleton, Staten Island, and that a description and location of her assets was residence 3295 Amboy Road, complete furnishings of home 3295 Amboy Road, personal effects 3295 Amboy Road.

While the proceedings are entitled "Elizabeth Lang," the petition and verification are signed "Elizabeth Lange."

On the day the petition was filed, the order was signed extending the time to file schedules 10 days.

No order referring this matter to a referee was presented to this court.

On December 21, 1934, an order was signed staying the sheriff of the county of Richmond from executing a writ dispossessing the said Elizabeth Lang from her home at 3295 Amboy Road, Oakwood Heights, S. I., N. Y.

The petition herein was not filed in good faith.

The attorney who filed the petition, however, was a stranger to the foreclosure action and I will assume received his information from the petitioner.

The petitioner was not the owner of the premises 3295 Amboy Road at the time the petition was filed.

The premises in question had been, by Charles A. Mulligan, Jr., a referee in an action in the State Supreme Court to foreclose a mortgage on said premises, in which action said Zenaid C. During Cox was plaintiff, and said Elizabeth Lang and others were defendants, sold to said Zenaid C. During Cox, and said referee had delivered to the purchaser said Zenaid C. During Cox a deed of said premises as such referee, dated the 26th day of November, 1934, which deed had been duly recorded in the office of the clerk of the county of Richmond on the 27th day of November, 1934, in Liber 766 of Deeds, page 256.

The petitioner, Elizabeth Lange, or Lang, has refused to surrender possession, and the sheriff was not seeking to execute a warrant of dispossess, but had been ordered to execute a writ of assistance to put the purchaser, Zenaid C. During Cox, in possession.

The title of the said Zenaid C. During Cox cannot be destroyed by the simple filing of a petition under section 74 of the Bankruptcy Act, in which she is an adverse holder, and having acquired title as a bona fide purchaser for value, any claim that petitioner might have as against her or the property could only be litigated in a plenary action, if she is not already estopped by the judgment in the foreclosure action, and petitioner has no right to withhold possession of the property from the owner, the said Zenaid C. During Cox, which I am convinced was the sole purpose of the filing of the petition and obtaining a stay.

The motion to vacate the order of December 21, 1934, staying the sheriff of the county of Richmond from executing a writ dispossessing the said Elizabeth Lange or Lang from the premises 3295 Amboy Road, Oakwood Heights, S. I., is granted.

The petition of said Elizabeth Lange or Lang, under section 74 of the Bankruptcy Act, being based upon the allegation that she is the owner of the said premises 3295 Amboy Road, which is the principal asset described, which is not true, and said petition not having been filed in good faith, the same is dismissed.

Submit order.